STATE EX REL. STRACK V. RATTERMAN ET AL.

1. PROVISIONS OF SEC. 2303, REV. STAT., ARE MANDATORY.

The provisions of sec. 2303, Rev. Stat., relating to contracts for sewers and drains, are mandatory and must be strictly complied with. The board of administration of Cincinnati, or its successor, the board of city affairs, therefore, has no legal right to enter into a contract with a bidder who fails to comply with any of the provisions thereof, as, for example, failures to set forth the full name of every person interested in the bid or contract, and the making of such contract should be enjoined.

2. SECTION 2702-2, REV. STAT., IS ALSO MANDATORY AND APPLIES TO CINCINNATI.

Section 2702-2, Rev. Stat., providing that no bid shall be accepted from or contract awarded to any person who is a defaulter as surety or otherwise, upon any obligation to the corporation, applies to the city of Cincinnati and is mandatory. A contract, therefore, should not be made with a firm of which one of the members was such a defaulter.

3. WHERE CONTRACT IS ILLEGALLY AWARDED TO LOWEST BIDDER, NEXT LOWEST BIDDER NOT ABSOLUTELY ENTITLED TO IT.

Where, through inadvertence or otherwise, the board has entered into a contract with a person who was the lowest bidder, but who did not comply with the mandatory provisions of the statute, the next lowest bidder, having complied with the law in all respects, is not absolutely entitled to have the contract awarded to him. (Overrules Herman v. State, 5 Circ. Dec., 266.)

4. UNDER SEC. 2303, REV. STAT., THE BOARD MAY REJECT ALL BIDS.

Under the authority of sec. 2303, Rev. Stat., the board has the right to reject all bids. And this right applies as well to a case where the board, through inadvertence or otherwise, has awarded and entered into a contract with a firm with which the law does not allow them to contract, as to a case where parties refuse to enter into a contract awarded to them as lowest bidders.

5. COURT CANNOT, IN MANDAMUS, DECLARE CONTRACT INVALID AND DECREE CANCELLATION.

The court has no power, in a mandamus proceeding, which is one in the name of the state to require a tribunal, corporation, board or person to perform an act which the law specifically enjoins as a duty resulting from office, trust or station, to declare a contract awarded by the board of administration to be invalid and decree its cancellation.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

The errors assigned in this case are, that the court of common pleas erred in sustaining the demurrers interposed by the defendants to the amended petition of the plaintiff, and in dismissing the said action at the costs of the relator.

The petition is a long one, but the question for decision is this: Whether, when the board of administration, or its successor, the board of city affairs, has prepared the necessary preliminary estimate, plans and specifications, and has passed the necessary resolutions and ordinances, and taken all the steps required by law, and advertised for bids for the construction of a trunk sewer and drains, etc., the expense thereof to be paid out of the trunk sewer fund of the city, and that several bids for the construction of the same were duly submitted to the board, and

said bids opened and submitted to the engineer of the city for compu-
tation and report, and the engineer duly reports to the board that George
Sherry & Co. were the lowest bidders in the aggregate for said work,
and that the relator, W. J. Strack, was the next lowest bidder therefor,
and the fact that all the bids submitted were for the entire work in the
aggregate ; and that on March 31, 1898, the board approved the com-
putation of bids as reported, and awarded the contract to George Sherry
& Co., and passed a resolution to contract with said George Sherry &
Cc., according to their bid, and such contract was signed April 25, 1898,
bond having been given by George Sherry & Co. on April 22. The
question is whether such contract is valid under the circumstances now
stated, viz : First, that the bid of George Sherry & Co. did not set forth
therein the full name of every person interested in the same, as required
by section 2303, subdivision 4; that John McDonnell and others are
members of said firm of George Sherry & Co., and that said John
McDonnell was a defaulter on an obligation to the city of Cincinnati, in
the manner pointed out in the petition in this case.

And, second, if the bid of the relator was in every respect a legal
and proper bid, and he had never defaulted on any obligation to the city,
and he was the lowest responsible bidder who had complied with all the
requirements of the board and of the law, and he is ready and willing to
enter into a contract with the city on the terms of his bid, and is able to
comply with all the requirements of the board and perform the obliga-
tions of the contract, is he now, having promptly filed his petition in
mandamus, asking for a writ requiring the board to accept his bid, award
the contract to him, and enter into such contract with him, though the
contract had been made with George Sherry & Co., (who, however, had
not entered upon the construction of said improvement when the peti-
tion in mandamus was filed), and that said contract with George Sherry
& Co. be cancelled and set aside—is he entitled to such a writ ?

As to the first of these two questions, we are of the opinion that the
provisions of sec. 2303, sub. 4, Rev. Stat., are mandatory, and must be
strictly complied with, and that the board has no legal right to enter
into a contract with a bidder or bidders who fail to comply with the pro-
visions thereof, and that in a proper case the making of such contract
should be enjoined by the court, or, if made, should be cancelled. So,
too, sec. 2702-2, Rev. Stat., which provides that "no bid shall be accepted
from, or contract awarded to any person who is a defaulter as surety
or otherwise, upon any obligation to the corporation," and which applies
to the city of Cincinnati, we think, is mandatory in its character, and
was another reason why the contract should not have been made with a
firm of which one of the members, according to the allegations of the
petition, was such a defaulter.

As to the second question we have had more difficulty—That is,
where through inadvertence or otherwise, the board has entered into a
contract with a person who was the lowest bidder, but who had not com-
plied with this or other mandatory provisions of the statute, and who,
therefore, is not entitled to be considered as a bidder, is the next lowest
bidder, if he has complied in all respects with those requirements,
absolutely entitled to have the contract awarded to him at his said bid ?

On consideration we have reached the conclusion that he is not.
Subdivision 6, of the same sec., 2303, gives the right to council (in this
case the board), "in its discretion to reject all bids." Under this authority,
the board would have had the clear right to reject all the bids in this case,

even if it had discovered that the bid of George Sherry & Co. could not be considered. If through oversight or otherwise they have awarded and entered into a contract with a firm with whom the law does not allow them so to contract, when this is discovered, why should the board not have the same right to reject all the other bids, though the next lowest bid may have all the essential requisites? We think this is so, and to hold the contrary might lead to great loss and damage to the corporation. The next lowest bid may be an exorbitant one—thousands of dollars higher than the one which did not comply with the terms of the statute and therefore should not have been considered by the board. In this case, as the bid of George Sherry & Co. was the lowest, it is probable that the bid of the relator was never considered, and if it had been the lowest one, might have been rejected as exorbitant. If the bid of George Sherry & Co. had been in all respects legal, and the contract had been awarded to them, and then they had refused to enter into the contract, we suppose it would not be claimed that the relator as the next lowest bidder would have had the absolute right to the contract, and we think the same is the case here.

Much reliance is placed by counsel on the decision of this court in Herrman v. State, 5 Circ. Dec., 266. Only two of the members of the court, as it was then constituted, agreed with that part of the decision which held that in a case like that before the court at that time the next lowest bidder was entitled to the contract if proper steps had been taken by him. It was really not necessary to pass upon that question, as all of the judges concurred in the opinion that the relator there had no standing in court on account of his laches, in allowing the other person to whom the contract had been awarded, to proceed with his work under it. But, on further consideration of the question, we think the principle there stated as to the next lowest bidder being entitled to the contract was incorrect, and not sustained by the authorities cited.

In this case there seems to have been no laches on the part of the relator. He commenced this proceeding promptly and before work was commenced by George Sherry & Co. But so far as appears from the allegations of the petition, no demand was made by relator to the board to award him the contract before the commencement of the proceeding. Whether it was necessary to do so, we are not called upon to say, and have not considered the question.

There is a prayer in the petition, that the court declare the contract with George Sherry & Co. to be invalid, and decree its cancellation. We think it can not be done in a mandamus proceeding, which "is one in the name of the state, to require a tribunal, corporation, board, or person to perform an act which the law specially enjoins as a duty resulting from an office, trust or station." The relief last asked by the petition can not be granted in such a proceeding. Nor do we think the law requires this board to award the contract to the relator under the circumstances set out in the petition.

The judgment of the court of common pleas dismissing the petition is therefore affirmed.

*F. M. Dinsmore,* for relator.

*Corporation Counsel,* for defendants.